IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEBRA SPARKS                                                                          PLAINTIFF

v.                             CIVIL NO. 11-3097

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Debra Sparks, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 23, 2008, alleging an inability to work since January 23, 2001, due to problems with her right foot

and a limited education.[1] (Tr. 148, 153, 233). An administrative hearing was held on May 28, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 1-49).

By written decision dated December 20, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 59). Specifically, the ALJ found Plaintiff had the following severe impairments: morbid obesity, history of right ankle fracture status post open reduction and internal fixation (ORIF); degenerative joint disease of the right foot; major depressive disorder; mild mental retardation; and post-traumatic stress disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 60). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to occasional climbing of ramps and stairs, balancing, and stooping; no climbing of ladders, ropes, and scaffolds; and no kneeling, crouching, and crawling. She is able to perform simple tasks with routine supervision and have superficial contact with coworkers and supervisors, but she cannot perform work which involves contact with the general public.

(Tr. 61). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a machine tender, an unskilled assembler, and an unskilled inspector. (Tr. 66).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 26, 2011. (Tr. 72-77 see 13B). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties.

---

[1] At the administrative hearing held before the ALJ, Plaintiff amended her alleged onset date to January 3, 2008. (Tr. 57).

(Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff argues the following issues in this appeal: 1) the ALJ erred in failing to find that Plaintiff met Listing 12.05(C); 2) the ALJ erred in determining Plaintiff's RFC; and 3) the ALJ did not analyze Plaintiff's credibility appropriately.

#### A. Listing Impairment 12.05C:

Under Listing 12.05C, a claimant suffers from the required severity of mental retardation if she shows a valid verbal, performance, or full scale IQ of 60 through 70, with an onset prior to age 22, and a physical or other mental impairment imposing an additional and significant

-4-

work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C; McNamara v. Astrue, 590 F.3d 607, 611 (8th Cir. 2010). When trying to establish that the Listing 12.05C requirements have been met, the claimant must also meet the requirements in the introductory paragraph of Listing 12.05. Maresh v. Barnhart, 438 F.3d 897, 899 (8th Cir. 2006). Those requirements clearly include demonstrating that the claimant suffered "deficits in adaptive functioning" and that those deficits "initially manifest during the developmental period [before age 22]." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05; Cheatum v. Astrue, 388 Fed. Appx. 574, 576 (8th Cir. 2010)(citations omitted).

In the present case, the ALJ found that Plaintiff did not meet the requirements of the introductory paragraph of Listing 12.05C in that there was no evidence that Plaintiff experienced deficits in adaptive functioning. (Tr. 61). A review of the record revealed that Plaintiff could drive; that Plaintiff could perform activities of daily living independently; that Plaintiff reported she could shop in stores for food and household items; that she could watch television and talk on the phone every day; that she helped take care of her mother after her mother experienced a stroke; that she could communicate in an intelligible manner; that she could comprehend and carry out simple tasks; that she had mild to moderate limitation in her ability to cope with the typical demands of basic work tasks; that she could attend and sustain concentration on tasks; that she could sustain persistence when completing tasks; and that she had mild to moderate limitations in her ability to complete tasks within acceptable time frames. (Tr. 212-221, 264-271, 417, 452-455). While one consultative examiner indicated that Plaintiff's intelligence fell in the mild mental retardation level, another consultative examiner found Plaintiff had borderline to normal intelligence. (Tr. 339, 453). The record also revealed that Plaintiff sought periodic

treatment for depression and those examiners opined that Plaintiff was of average intelligence. (Tr. 359, 367).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet Listing 12.05C.

**B.    The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform sedentary work with limitations during the relevant time period, the ALJ considered the consultative examiner's notes and assessments; Plaintiff's subjective complaints; and her medical records. With regard

to Plaintiff's obesity, the ALJ noted that obesity may have an adverse impact upon Plaintiff's co-existing impairments, and indicated that he considered any limitations associated with obesity when determining Plaintiff's RFC. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the relevant time period.

### C.     Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The Court would point out that the record failed to show that Plaintiff sought on-going and consistent medical care for

any of her alleged disabling impairments.  Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment is inconsistent with allegations of pain).  The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

  **D.**  **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole.  Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).   Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude her from performing work as a machine tender, an unskilled assembler, and an unskilled inspector.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**  **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 17th day of December, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)